**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GABRIEL CORRAL and DINA CORRAL, <br><br> Plaintiffs, <br><br> vs. <br><br> HOMEEQ SERVICING CORP., et al., <br><br> Defendants. | Case No.: 2:10-cv-00465-GMN-RJJ <br><br> **ORDER** |

Plaintiffs Gabriel and Dina Corral sued Defendant Homeeq Servicing Corp. ("Defendant") on several causes of action related to the foreclosure of their mortgage. Pending before the Court are Plaintiffs' Motion to Remand (ECF No.7) and Defendant's Motion to Dismiss, Strike Punitive Damages, and Expunge Lis Pendens (ECF No. 5). For the reasons that follow, the Court denies Plaintiffs' Motion to Remand and grants Defendant's motion in part, thereby dismissing all causes of action in Plaintiff's complaint except for the quiet title action; denying the motion to expunge lis pendens; and granting the motion to strike.

**I.     BACKGROUND**

Plaintiffs are residents of Nevada. (Compl. ¶ 1, Ex. A, ECF No. 1.) Defendant is a foreign corporation that does business in Nevada. (*Id*. at ¶ 2.) It is incorporated in Delaware, and its high-ranking corporate officers are located in California and New York. (Ex. B, ECF No. 1.)

On January 5, 2005, Plaintiff Gabriel Corral purchased real property located at 5808 Willowcreek Road, North Las Vegas, Nevada 89031 ("the Property") as a second home for $324,000. (*See* Deed of Trust 1–3, 23, Ex. 1, ECF No. 6.) The lender was Freemont Investment and Loan, the trustee was Chicago Title Co., and Mortgage Electronic Registration Systems

("MERS") was listed as the "nominee" and "beneficiary." (*Id*. at 1–2.)  Plaintiff Dina Corral is not listed on the Deed of Trust.  After paying the mortgage for a period of time, Plaintiffs defaulted. (Compl. ¶ 5, Ex. A, ECF No. 1.)

In March 2009, Defendant informed Plaintiffs that they would qualify for a loan modification.  (*Id*. at ¶ 7.)  Plaintiffs attempted to submit a loan modification application, but Defendant did not receive it. (*Id*. at ¶¶ 9–10.)  On April 29, 2009, Old Republic Default Management Services ("Old Republic") recorded a notice of default and election to sell ("NOD") on the property. (*See* NOD, Ex. 2, ECF No. 6.)

Plaintiffs then resubmitted a loan modification application, which was received in July of 2009. (Compl. ¶ 12.)  Defendant informed Plaintiffs that they qualified for a loan modification, but a payment of $5100 was required to complete the modification. (*Id*. at ¶ 13.)  Plaintiffs, in turn, notified Defendant that they could not make the payment. (*Id*. at ¶ 15.)

Defendant then postponed foreclosure so that Plaintiffs could submit a revised application, (*id*. at ¶ 16), which Plaintiffs submitted on August 17, 2009. (*Id*. at ¶ 17.)  Defendant again informed Plaintiffs that they qualified for a loan modification. (*Id*.)  Defendants told Plaintiffs that the loan application was under final review on September 30, 2009. (*Id*. at ¶ 21.)  On December 28, 2009, Defendant requested income verification and a hardship letter in order to approve the application. (*Id*. at ¶ 23.) Plaintiffs provided the information on January 4, 2010. (*Id*. at ¶ 24.)  On January 16, 2010, Defendant denied Plaintiffs' application, (*id*. at ¶ 25), and, on February 2, 2010, Old Republic recorded a notice of trustee sale ("NOS"). (*See* NOS, Ex. 3, ECF No. 6.)

Plaintiffs then sued Defendant on four causes of action in state court:  (1) promissory estoppel; (2) wrongful foreclosure/quiet title; (3) misrepresentation; and (4) preliminary/permanent injunction.  Defendant removed the lawsuit and has moved to dismiss, to strike the prayer for punitive damages, and to expunge the lis pendens on the Property.  Plaintiffs

have moved to remand.

## II. LEGAL STANDARDS

### A. Motion to Remand

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. (citing *Libhart v. Santa Monica Dairy Co*., 592 F.2d 1062, 1064 (9th Cir. 1979)). "[T]he defendant always has the burden of establishing that removal is proper." *Id*.

### B. Motion to Dismiss

A court must dismiss a cause of action that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Local Rule 7-2(d) provides that "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." L.R. 7-2(d). The Court may dismiss a complaint for failure to follow its local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Before dismissing a case for failing to file an opposition under the local rules, the Court must weigh five factors: "(1) the public's interest in expeditious resolution

of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 799 F.2d 1421, 1423 (9th Cir. 1986).

### C. Motion to Strike

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A district court's ruling on a motion to strike is reviewed for an abuse of discretion. *See Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1224 n.4 (9th Cir. 2005).

## III. ANALYSIS

### A. Motion to Remand

The principal issue here is whether there is diversity jurisdiction. This Court has original jurisdiction over all civil actions where the matter in controversy: (1) exceeds the sum or value of $75,000; and (2) is between citizens of different States. 28 U.S.C. § 1332(a). Because both elements are satisfied, the Court has subject matter jurisdiction, and Plaintiffs' Motion to Remand should be denied.

#### i. Amount in Controversy

The amount in controversy for jurisdictional purposes is determined by the value of the property that is the subject of the action. *See Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Plaintiffs allege wrongful foreclosure and seek quiet title to the Property. (Compl. ¶ 54.) Thus, the subject of the action is the Property. Because the Property is valued at $360,037.95, the amount in controversy exceeds $75,000. (*See* Ex. C, ECF No. 1.) In addition, the amount in controversy may include the compensatory and punitive damages, both of which Plaintiffs seek. *See Bell v. Preferred Life Assur. Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943). Further, Plaintiffs seek attorney's fees, (Compl. ¶ 54), which are also included in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d

1150, 1155–56 (9th Cir. 1998).  Accordingly, the amount in controversy exceeds $75,000.

        **ii.**        **Diversity**

The parties must be "citizens of different states" for the Court to have jurisdiction. 28 U.S.C. § 1332(a)(1).  Plaintiffs are residents and citizens of Nevada. (Compl. ¶ 1).  Because Defendant is a corporation, it is "deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  It is undisputed that Defendant is incorporated in Delaware. (*See* Ex. B, ECF No. 1.)  Plaintiffs nevertheless contend that Defendant's principal place of business is in Nevada. (Mot. Remand 4:20–22).  Citing *Massarella v. Lane Company, Inc*., 298 F. Supp. 2d. 430, 433 (N.D. Miss. 2003), Plaintiffs argue that this Court must apply a "total activity test" to determine the location of a corporation's principal place of business.  According to Plaintiffs, this means that the Court must look to the nature, location, importance, and purpose of a corporation's activities and the degree to which those activities bring the corporation into contact with the local community. (Mot. Remand 4:9–12).

However, the Supreme Court has rejected such a "total activity test." *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192–94 (2010).  Rather than looking to a corporation's general business activities to determine its principal place of business, the Court held that "[T]he phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id*. at 1186.  This analysis is what has been referred to metaphorically as "the nerve center test."  *See id.*

In the present case, all of Defendant's principal officers--its director, president, secretary, and treasurer--are based in either California or New York, with none in Nevada. (*See* Ex. B, ECF No. 1).  Absent such high-level officers directing the corporation from Nevada, Defendant cannot be deemed to have its principal place of business here.  Plaintiffs are therefore incorrect in contending that Defendant is a citizen of Nevada.  Were there evidence that Defendant had

manipulated the record to make it seem as though its officers control the corporation from elsewhere when they, in fact, direct the company from Nevada, then Plaintiffs would have a stronger argument. *See Hertz*, 130 S. Ct. at 1195. However, there is no such evidence here; therefore, the parties are completely diverse.

### B. Motion to Dismiss

#### i. Local Rule 7-2(d)

A party has fourteen days after service to file a response to a motion to dismiss, or the motion will be granted. L.R. 7-2(b)–(d); *see also Ghazali*, 46 F.3d at 53. Before dismissing a case for failure to file an opposition under the local rules, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 799 F.2d 1421, 1423 (9th Cir. 1986).

In this case, Defendant filed and served the motion to dismiss on April 12, 2010. Instead of filing a response, Plaintiffs re-filed their motion to remand on April 28, 2010. Plaintiffs did, however, file an opposition to the motion to dismiss on May 7, 2010. (*See* Opp'n Mot. Dismiss, ECF No. 11.) Because this response was filed more than fourteen days after service, it was untimely.

The public's interest in an expeditious resolution and the docket size of this Court--particularly the ever-growing number of foreclosure actions clogging the Court's docket--favor dismissal. But the remaining *Henderson* factors favor Plaintiffs because prejudice to Defendant is minimal, sanctioning Plaintiffs' attorney may be less drastic than dismissal, and public policy favors disposition on the merits.

/ / /

/ / /

### ii. Failure to State a Claim Under Rule 12(b)(6)

#### a. Promissory Estoppel

Plaintiffs' first cause of action is for promissory estoppel. (Compl. ¶ 33.) Promissory estoppel is the equitable doctrine whereby a party that induces foreseeable, detrimental reliance on a promise can be held to the promise regardless of lack of consideration. *See* Restatement (Second) of Contracts § 90. Thus, promissory estoppel is not properly characterized as a cause of action, but as a doctrine of consideration in contract.

Plaintiffs did not plead the elements of a claim for breach of contract or sufficient facts to support such a claim. Plaintiffs defaulted on their loan and attempted to modify their original contract with Defendant. A contract modification is valid if there is mutual assent and consideration. Plaintiffs allege that Defendant made numerous offers to modify the loan, but their complaint also admits that these offers were contingent upon a payment of $5100.00, (Compl. ¶ 13), and an approved loan application, (*id.* at ¶¶ 7–8, 21–25). Further, Plaintiffs admit rejecting at least one offer. (*Id.* at ¶ 15.) Thus, the complaint does not support a plausible inference that the parties mutually agreed to a loan modification. *See, e.g.*, *Vancheri v. GNLV Corp.*, 777 P.2d 366, 369 (Nev. 1989) (holding that promissory estoppel does not apply to subjective expectations).

Moreover, it is not clear from the complaint how Plaintiffs detrimentally relied on Defendant's statements. Plaintiffs allege that they would have taken other actions, (Compl. ¶ 28), but they do not allege that they partially performed or took actions that could form the basis of consideration for a contract. Accordingly, the claim should be dismissed.

Even though the complaint unambiguously alleges promissory estoppel, (*id*. ¶¶ 30–31), Plaintiffs argue that the complaint could also be read to allege equitable estoppel. (Opp'n Mot. Dismiss 6:4.) But if there is a legal distinction between promissory estoppel and equitable estoppel, then the complaint does not give Defendant "fair notice" of a claim for equitable

1  estoppel because the complaint alleges only promissory estoppel. *See Bell*, 550 U.S. at 555.

2  Nevertheless, even if the complaint were to give Defendant fair notice of a claim of
3  equitable estoppel, it would still be dismissed.  "Equitable estoppel operates to prevent a party
4  from asserting legal rights that, in equity and good conscience, [the party] should not be allowed
5  to assert because of his conduct." *Chanos v. Nev. Tax Comm'n*, 181 P.3d 675, 670 (Nev. 2008)
6  (quoting *Nev. State Bank v. Jamison Family P'ship*, 801 P.2d 1377, 1382 (Nev. 1990)).  The four
7  elements of equitable estoppel are: (1) the party to be estopped must be apprised of the true facts;
8  (2) he must intend that his conduct shall be acted upon or must so act that the party asserting
9  estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be
10 ignorant of the true state of facts; [and] (4) he must have relied to his detriment on the conduct of
11 the party to be estopped. *Id.* (quoting *NGA #2 LLC v. Rains*, 946 P.2d 163, 169 (Nev. 1997)).
12 However, Plaintiffs have not alleged facts to support detrimental reliance.  They alleged only that
13 they would have taken other actions, which is conclusory and vague.  Accordingly, even a claim
14 for equitable estoppel would be dismissed under Rule 12(b)(6).

### b.  Wrongful Foreclosure/Quiet Title

16 Plaintiffs' second cause of action is for wrongful foreclosure.  In order to successfully
17 bring an action for wrongful foreclosure, a plaintiff must "establish that at the time the power of
18 sale was exercised or the foreclosure occurred, no breach of condition or failure of performance
19 existed on the mortgagor's or trustor's part which would have authorized the foreclosure or
20 exercise of power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev.
21 1983).

22 Here, Plaintiffs are the mortgagors, and they admit that they were in default when the
23 power of sale was exercised and the foreclosure occurred. (Compl. ¶ 5.)  Being in default
24 constituted a breach of condition on their part, thus appearing to defeat their claim that
25 foreclosure was not authorized.

No action can lie for wrongful foreclosure unless a foreclosure occurs in the absence of a default. However, a claim for quiet title can be asserted when the plaintiffs are in default. The plaintiffs need merely allege that the defendant is unlawfully asserting an adverse claim to title of real property. *See Union Mill & Mining Co. v. Warren*, 82 F. 519, 520 (D. Nev. 1897). Here, Plaintiffs repeatedly allege in their Complaint that Defendant's claim against their property is unlawful.

Even the public records submitted by Defendant--of which this Court takes judicial notice--support Plaintiffs' quiet title cause of action, as they reveal what may well have been a statutory defect in the foreclosure proceedings. In Nevada, a trustee's sale cannot occur unless and until the beneficiary or trustee records the NOD. Here, Old Republic recorded the NOD, but there is no evidence in the public record that it had been properly substituted as trustee in place of Chicago Title before it recorded the NOD, as required by Nevada Revised Statutes section 107.080(2)(c). This is the commonest statutory defect in foreclosure in Nevada, but a defect, nonetheless. Of course, Defendant may be able to demonstrate that there was no statutory defect--and thus no unlawful foreclosure--by providing evidence showing that the beneficiary or trustee, or an agent thereof, at the time Old Republic filed the NOD caused Old Republic to file the NOD, but, at this time, Plaintiffs appear to have a viable claim for quiet title. Plaintiffs' cause of action for quiet title will not be dismissed.

### c.     Misrepresentation

A claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b); *see also Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000) ("Federal Rule of Civil Procedure 9(b) . . . require[s] [plaintiff] to plead her case with a high degree of meticulousness."). A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). The plaintiff must also

"set forth an explanation as to why the statement or omission complained of was false and misleading." *In re: GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc). Rule 9(b) also governs claims for negligent misrepresentation. *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999).

It is not clear whether Plaintiffs is pleading intentional or negligent misrepresentation, but neither claim is sufficiently pled. Plaintiffs have not identified the persons who made the misrepresentations or the time and place of the misrepresentations. Though Plaintiffs allege that they would have taken other actions, (Compl. ¶ 29), they do not allege what these actions would have been. Plaintiffs also admit that the loan application was subject to approval. (*Id.* at ¶ 29.) Such conclusory and vague allegations weigh in favor of dismissing this cause of action. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

Furthermore, the allegations in the Complaint, taken as true, do not indicate any misrepresentation at all. Plaintiffs allege that Defendant made representations that foreclosure would not occur during the loan modification process. (Compl. ¶ 45.) The Complaint alleges that Defendant denied Plaintiffs' loan application on January 16, 2010. (*Id.* at ¶ 25.) Denial of the application terminated the loan modification process. Because the property was foreclosed on February 22, 2010, the allegations admit that foreclosure did not occur until after the loan modification process ended. (*Id.* at ¶ 28.) Accordingly, the Court dismisses Plaintiffs' claim for misrepresentation.

### d.     Injunctive Relief

Plaintiffs' fourth cause of action is for injunctive relief to stay all eviction proceedings. Injunctive relief is not a claim but a remedy. To receive injunctive relief, Plaintiffs "must demonstrate that there exists a significant threat of irreparable injury." *Oakland Tribune, Inc. v. Chronicle Publ'g Co., Inc.*, 762 F.2d 1374, 1376 (9th Cir. 1985). Foreclosure would work an irreparable injury. Because of this and because the quiet tile claim still survives and can be

enforced by injunction, the prayer for injunctive relief will not be stricken.

### C. Motion to Strike

Plaintiffs also request punitive damages, which Defendant asks this Court to strike as impertinent. Rule 12(f) allows a court to strike allegations that are "immaterial, impertinent or scandalous." Fed. R. Civ. P. 12(f). Because Nevada law only provides for punitive damages for the breach of obligations not arising out of contract and the current foreclosure action clearly arises out of a contract, *see* Nev. Rev. Stat. § 42.005, punitive damages are not available. This Court therefore strikes the request for punitive damages.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand (ECF No. 7) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss, Strike Punitive Damages, and Expunge Lis Pendens is GRANTED in part and DENIED in part: all causes of action in Plaintiff's complaint are dismissed, except for the quiet title cause of action; Plaintiff's request for punitive damages is stricken; and Defendant's motion to expunge the lis pendens is denied.

DATED this 6th day of October 2010.

_____
Gloria M. Navarro
United States District Judge