UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GABRIEL and DINA CORRAL, ) | Case No.: 2:10-cv-00465-GMN-RJJ |
| ) | |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| ) | |
| HOMEEQ SERVICING CORP., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This is a civil action brought by Plaintiffs Gabriel and Dina Corral against Defendant Barclays Capital Real Estate, Inc., d/b/a HomEq Servicing, erroneously sued as Homeeq Servicing Corporation ("HomEq"), relating to the foreclosure of their home. Pending before the court is HomEq's Motion for Summary Judgment. (MSJ, ECF No. 20.) The court will grant the Motion for Summary Judgment.

**I.     BACKGROUND**

Plaintiffs initially filed suit against HomEq in Clark County District Court alleging four causes of action: (1) promissory estoppel; (2) wrongful foreclosure/quiet title; (3) misrepresentation; and (4) preliminary/permanent injunction. (Complaint, ECF No. 1.) HomEq removed the case to this court and filed a Motion to Dismiss. (ECF Nos. 1, 5.) The court granted HomEq's Motion to Dismiss with the exception of Plaintiffs' quiet title cause of action. (Order, Oct. 6, 2010, ECF No. 15.) The court pointed out that "Old Republic recorded the NOD [Notice of Default], but there is no evidence in the public record that it had been properly substituted as trustee in place of Chicago Title before it recorded the NOD, as required by Nevada Revised Statutes section 107.080(2)(c)." (*Id.* at 9:10-13.) The court explained that "Defendant may be able to demonstrate that there was no statutory defect – and thus no unlawful foreclosure – by

providing evidence showing that the beneficiary or trustee, or an agent thereof, at the time Old Republic filed the NOD caused Old Republic to file the NOD." (*Id*. at 9:14-17.)

## II.   **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that

party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

III.  **ANALYSIS**

Under Nevada law, the power of sale must not be exercised until "[t]he beneficiary, the successor in interest of the beneficiary or the trustee first executes and causes to be recorded… a notice of the breach and of the election to sell or cause to be sold the property to satisfy the obligation." NRS 107.080(2)(c).  This means that a valid foreclosure under Nevada statute must

be initiated by the beneficiary, the beneficiary's successor in interest, or the trustee, in the form of a recorded Notice of Default.  Here, HomEq asserts that Old Republic was the authorized trustee who executed and caused the Notice of Default to be recorded on April 29, 2009.

To prove that there was no statutory defect in the foreclosure process, HomEq submits five documents recorded in Clark County[1]:

(1) The **Deed of Trust** ("Deed") recorded on January 24, 2005.  The Deed names Chicago Title Co. as trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary solely as nominee for the Lender and Lender's successors and assigns ("Deed of Trust" Ex. 2 to MSJ);

(2) The **Assignment** of Deed of Trust ("Assignment") recorded on August 3, 2009.  The Assignment was issued on April 28, 2009, by Mortgage Electronic Registration Systems, Inc. ("MERS"), as beneficiary/nominee for the Lender, assigning the beneficial interest to Deutsche Bank National Trust Company ("Deutsche Bank") ("Assignment of Deed of Trust" Ex. 4 to MSJ);

(3) The **Substitution of Trustee** ("Substitution") recorded on August 3, 2009.  The Substitution was issued on April 28, 2009, by Deutsche Bank, substituting Old Republic Default Management Services ("Old Republic") as trustee instead of Chicago Title Co. ("Substitution of Trustee" Ex. 5 to MSJ);

(4) The **Notice of Default** ("NOD") recorded on April 29, 2009.  The NOD was issued by Old Republic on April 28, 2009, purportedly as "the duly appointed Trustee," ("Notice of Default" Ex. 6 to MSJ); and

(5) The **Notice of Trustee's Sale** ("NOT") recorded on February 1, 2010.  The NOT was issued by Old Republic ("Notice of Trustee's Sale" Ex. 7 to MSJ.)

---

[1] The court takes judicial notice of these five documents pursuant to Fed. R. Ev. 201, as they are publicly recorded documents filed in Clark County and Plaintiffs do not challenge their authenticity.

1   Plaintiffs do not challenge the validity of these publicly recorded documents.  These
2   documents demonstrate that Old Republic was granted authority as trustee by Deutsche Bank, as
3   the beneficiary of the Deed, on April 28 or 29, 2009. (*See* Substitution of Trustee.)  Old
4   Republic recorded the Notice of Default on April 29, 2009. (Notice of Default.)  This is
5   sufficient to demonstrate Old Republic's authority to foreclose as trustee, pursuant to NRS
6   107.080(2)(c).

7   The court holds that no statutory defect in the foreclosure process is evident here, and that
8   sufficient evidence does not exist on which a reasonable jury could return a verdict in favor of
9   Plaintiffs.  Accordingly, no injunctive relief will be granted.

IV.   **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant HomEq's Motion for Summary (ECF No. 20) Judgment is **GRANTED**.

DATED this 28th day of November, 2011.

_____
Gloria M. Navarro
United States District Judge